UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMAL WALKER (#409230)                                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                                        NO. 15-591-SDD-RLB

<u>NOTICE</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 21, 2016.

                                 **RICHARD L. BOURGEOIS, JR.**
                                 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMAL WALKER (#409230)                                   CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                                 NO. 15-591-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, former Warden N. Burl Cain, Asst. Warden Kevin Benjamin, Warden Darrel Vannoy, Asst. Warden Joe Lamartiniere, and Dr. Jason Collins, complaining that his constitutional rights are being violated due to conditions of confinement, specifically the lack of bed rails on upper bunks, and through deliberate indifference to his serious medical needs.  He prays for injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim

which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On March 13, 2013, while housed in the CBD, the plaintiff fell from his bunk.  He was examined at the prison hospital and x-rays were taken.  Despite complaints of injuries, he was sent back to his cell.  After making unspecified complaints for one month, additional x-rays were taken and a fractured vertebrae was discovered.  The plaintiff was informed that the fractured vertebrae was due to an old injury.  The plaintiff denies having suffered a previous injury.

On March 19, 2013, the plaintiff again fell from his bunk when he was awakened to receive medication.  The plaintiff was again examined at the prison hospital and returned to his cell after being told he suffered no injuries from the fall.  The next day, the plaintiff was transferred to Camp D Raven, and he wrote a letter to Asst. Warden Benjamin complaining of his conditions of confinement and requesting assistance.

The plaintiff asserts that the defendants LeBlanc, Cain, Benjamin, Vannoy, and Lamartiniere were deliberately indifferent to his safety by failing to have guard rails installed on his upper bunk.  The plaintiff further asserts that defendant Dr. Collins failed to properly examine the plaintiff, and failed to provide adequate health care.  He asserts that Dr. Collins' actions constitute negligence,

indifference and malpractice.  The plaintiff also alleges deliberate indifference to his serious

medical needs on the parts of defendants Benjamin and Lamartiniere.

Regarding the plaintiff's allegations that his constitutional rights have been violated, by

defendants LeBlanc, Cain, Benjamin, Vannoy, and Lamartiniere, due to the lack of a guard rail on

his upper bunk, in order for a person to be found liable under § 1983 the person must have been

personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights,

or there must be a causal connection between the conduct of that person and the constitutional

violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  The plaintiff

has made no allegations of personal involvement on the part of defendants LeBlanc, Cain,

Benjamin, Vannoy, or Lamartiniere.  Any implied allegation that these defendants are responsible

for the actions of their subordinates or co-employees is alone insufficient to state a claim under §

1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Further, in the absence

of direct personal participation by a supervisory official in the alleged constitutional violation, the

plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a

subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a

breach by the supervisor of an affirmative duty specially imposed upon him by state law.  *Lozano v.

Smith, supra*.  In the absence of any such factual allegations relative to defendants LeBlanc, Cain,

Benjamin, Vannoy or Lamartiniere, there is no basis for the imposition of liability against any of

these defendants.

In the alternative, a substantive review of the plaintiff's claim would fare no better.  The

plaintiff's claim regarding the lack of a bed rail on his upper bunk arises under the Eighth

Amendment to the United States Constitution and its prohibition against cruel and unusual

punishment, including the unnecessary and wanton infliction of pain.  *Wilson v. Seiler*, 501 U.S.

294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The prohibition against cruel

and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra*, 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, *supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*. While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter*, *supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and

conclusory allegations of wrongdoing.  *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

At best the plaintiff's allegations are that of negligence. *See Heard v. East Baton Rouge Parish Prison*, 2012 WL 2285041 (M.D. La. April 24, 2012) (recommending frivolous dismissal where plaintiff alleges that injuries were the result of assignment to upper bunk bed without bed rails, as claim was one of negligence); *report and recommendation adopted*, 2012 WL 2284802 (M.D. La. June 18, 2012).  The plaintiff does not allege that the lack of bed rails created a substantial risk of harm, or that defendants LeBlanc, Cain, Benjamin, Vannoy and Lamartiniere were aware of such a risk to the plaintiff, and disregarded the risk by failing to take reasonable steps to abate it.  As such, the plaintiff's allegations do not state a claim for relief under § 1983, and should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.[1]

Turning to the plaintiff's claims against defendant Dr. Collins, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The official also must draw that inference. *Id*.

---

[1] *See Cummings v. Gusman,* No. 09–144, 2009 WL 1649737, at *3 n. 11 (E.D. La. Jun.9, 2009):
"Regarding the claim that top bunks do not have safety rails, that would at most be a negligence claim. Negligence claims are not actionable under 42 U.S.C. § 1983.  *Eason v. Thaler,* 73 F.3d 1322, 1329 n. 3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); *see also Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.")."

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

It has consistently been held in this context that an inmate who has in fact been examined and evaluated by medical personnel fails to make a valid showing of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The plaintiff alleges that he was examined on at least two occasions following the fall from his bunk on March 13, 2013, including immediately after and approximately one month later. The plaintiff also alleges that he was immediately examined following the fall on March 19, 2013. He does not allege that he was denied treatment, that improper treatment was purposefully provided, or that his medical complaints were ignored. At best, the plaintiff's allegations amount to a disagreement with his course of treatment. As such, the plaintiff's allegations against Dr. Collins, and those of the same nature that he is asserting against defendants Asst. Warden Benjamin and Asst. Warden Lamartiniere, do not state a claim for relief under § 1983, and should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.[2]

---

[2] The plaintiff alleges the defendant Benjamin failed to ensure that the plaintiff received proper medical assistance, and that defendant Lamartiniere failed to prevent the plaintiff's transfer until the medical staff was certain that the plaintiff had not sustained a serious injury.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]  It is further recommended that the plaintiff's Motion to Appoint Counsel (R. Doc. 9) be denied as moot.

Signed in Baton Rouge, Louisiana, on June 21, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."